UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMERCE INSURANCE COMPANY a/s/o MICHAEL A. BLANEY, <br><br> Plaintiff, <br><br> v. <br><br> GLENTRONICS, INC., <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Now comes defendant, Glentronics, Inc. ("Defendant"), by and through undersigned counsel, and file this Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1432, 1441, and 1446, and hereby gives notice of the removal of this action from the Superior Court Department, Suffolk Division, of the Commonwealth of Massachusetts Trial Courts to the United States District Court for the District of Massachusetts, Boston Division. In support of this removal, the Defendant states as follows:

### I. THE COMPLAINT

The Complaint was filed in the Suffolk Superior Court in Civil Action No. 2284CV01357 styled *Commerce Insurance Company a/s/o Michael A. Blaney v. Glentronics, Inc.*, on June 16, 2022. Copies of the documents served on the Defendant are attached, **Exhibit A**. Certified copies of all pleadings and proceeding in the action will be electronically filed within fourteen (14) days of the date of this removal. The plaintiff seeks damages on theories of negligence, breach of express contract, breach of implied contract, and breach of implied warranty arising out of an alleged fire that occurred on October 17, 2019.

### II. REMOVAL IS TIMELY

The Notice of Removal is being filed, pursuant to 28 U.S.C. §1446, within thirty (30) days from the date this action first became removable. The summons and Complaint were served on Defendant on June 27, 2022.

### III. DIVERSITY JURISDICTION

This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

(a) Generally. –

Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.

(b) Removal Based on Diversity of Citizenship - …

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This action is properly removable under 28 U.S.C. § 1441 (a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a) and (c), as amended, which provides in pertinent part as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive interest and costs, and is between –

(1) Citizens of different states…

(c) For the purposes of this section and section 1441 of this title –

(1) A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business…

**A. Diversity of Citizenship**

There is complete diversity of citizenship as plaintiff is a citizen of the Commonwealth of Massachusetts and Defendant is a citizen of the State of Illinois. *See* **Exhibit A**; *see also* Secretary of the State of Illinois Corporation Search Summary, attached hereto as **Exhibit B**.

### B.  Amount in Controversy

The amount in controversy exceeds $75,000, exclusive of interest and costs, as claimed by plaintiff. The Civil Action Cover Sheet for Plaintiff's action claims approximately $130,612.93 in damages. *See* **Exhibit A**.

### IV.   CONCLUSION

Contemporaneously with the filing of this Notice of Removal, Defendant has filed same with the Clerk of the Suffolk Superior Court in accordance with 28 U.S.C. § 1446(d). Defendant reserves the right to supplement this Notice of Removal.

**WHEREFORE**, Defendant respectfully requests that this action pending in the Suffolk Superior Court be removed to this Court.

>
> Defendant,
> **GLENTRONICS, INC.**
> By its attorneys,
>
>
> */s/ John F. Rooney, III*
> John F. Rooney, III, BBO #426895
> Jacqueline A. Crockwell, BBO #704580
> Melick & Porter, LLP
> One Liberty Square, 7th Floor
> Boston, Massachusetts 02109
> Telephone: (617) 523-6200
> Facsimile: (617) 523-8130

Dated: July 14, 2022

## **CERTIFICATE OF SERVICE**

I, Jacqueline A. Crockwell, hereby certify that I have, on this day, served a true and accurate copy of the foregoing document via electronic mail, upon the following counsel of record:

Diana D. O'Hara, Esq.
Parenteau & O'Hara
1661 Worcester Road, Suite 204
Framingham, MA 01701
do@nesubro.com

Date:  July 14, 2022

*/s/Jacqueline A. Crockwell*
Jacqueline A. Crockwell