

*Jacques N. Parenteau* \*
<u>*Diana D. O'Hara*</u> ^

*Laura A. Demerle* +
*John D. Curran*
*Michelle E. Harris*

*Also Admitted*
*\*ME, NH, VT*

*^CT, ME, MD, NH, NJ, RI*
*+NH*

1661 Worcester Road, Suite 204
Framingham, MA 01701
<u>www.nesubro.com</u>

Tel: 508-232-6267
Fax: 508-232-6270

June 22, 2022

Alan Michael Schulman, Registered Agent for Glentronics
645 Heathrow Drive
Lincolnshire, IL 60069

**VIA CERTIFIED MAIL**
**RECEIPT NO. 7021 2720 0001 9266 7084**
**RETURN RECEIPT REQUESTED**

Re:   <u>Commerce Insurance Company a/s/o Michael Blaney</u> v. <u>Glentronics, Inc.</u>
      Suffolk Superior Court Civil Action No. 2284cv01357
      <u>**OUR FILE NO.:   CICSUB.3044**</u>

Dear Mr. Schulman:

    I represent the Plaintiff, Commerce Insurance Company a/s/o Michael Blaney, in the above-entitled case. Enclosed please find a copy of a Summons and Civil Tracking Order issued by the Suffolk Superior Court as well as copies of Complaint and Civil Action Cover Sheet, which were filed against you in said court.

    Please be advised that the Massachusetts Rules of Civil Procedure Rule 4(e)(3) entitled "Personal Service Outside the Commonwealth" authorizes service by "any form of mail addressed to the person to be served and requiring a signed receipt". You are further advised that the Massachusetts General Laws, Chapter 223A, §6(a)(3) entitled "Mode of Service Outside the Commonwealth" also authorizes service "by any form of mail addressed to the person to be served and requiring a signed receipt".

    Under the laws of the Commonwealth of Massachusetts, **you are required to provide an Answer to the Complaint within twenty (20) days of receipt**. The Answer must be filed with the Suffolk Superior Court, Three Pemberton Sq. 12th Floor Boston, MA 02108, and a copy must be sent to the undersigned and all counsel of record.

    I trust that you will give the enclosed Summons and Complaint your immediate attention and suggest that you immediately turn these documents over to your insurer or attorneys.

Very truly yours,

Diana D. O'Hara
do@nesubro.com

Enclosures

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, ss | SUPERIOR COURT<br>C.A. No. |

COMMERCE INSURANCE COMPANY )
a/s/o Michael A. Blaney )
    Plaintiff )
)
v. )
)
GLENTRONICS, INC. )
    Defendant )

## COMPLAINT

## The Parties

1. The plaintiff, Commerce Insurance Company (hereinafter "Commerce"), is a duly organized corporation authorized to do business in the Commonwealth of Massachusetts and has a principle place of business located at 11 Gore Road, Webster, MA 01570.

2. The defendant, Glentronics, Inc. (hereinafter "Glentronics"), is a foreign corporation with an office located at 645 Heathrow Drive, Lincolnshire, IL 60069. It has as a registered agent, Alan Michael Schulman, 645 Heathrow Dr., Lincolnshire, IL 60069.

3. The insured, Michael Blaney (hereinafter "Blaney"), is a resident of the Commonwealth of Massachusetts and resides at 6 Vogel Street, West Roxbury, MA 02132 (hereinafter the "home").

## Facts

4. At all relevant times, Blaney maintained a homeowner's policy with the plaintiff, Commerce.

5. On October 17, 2019, Blaney had a Glentronics Dual Float Pump Controller in the basement of the home.

6. The Dual Float Pump Controller was manufactured by Glentronics.

7. On October 17, 2019, the Glentronics Dual Float Pump Controller (hereinafter "the product") caught fire.

8. The fire caused damage to the home, including soot and smoke damage.

9. As a result and in accordance with the terms and conditions of the policy of insurance, Blaney submitted a claim to Commerce for property damage, for which the plaintiff paid the sum of $130,612.93 in satisfaction of its obligation to or on behalf of its insured.

10. Pursuant to the terms and conditions of the subject homeowner's insurance policy and applicable Massachusetts law, the plaintiff, Commerce, now stands subrogated to Blaney's rights and causes of action to the extent of payments made to or on his behalf and asserts its right of subrogation through this Complaint.

## Count One – Negligence vs. Glentronics, Inc.

11. Commerce hereby re-alleges each and every allegation contained within paragraphs 1 through 10 as if specifically set forth herein.

12. On or about October 17, 2019, Glentronics owed a duty of care to Blaney to warn of dangers with the product.

13. On October 17, 2019, as a result of the Glentronics's failure to warn of dangers or problems with the product, the product caught fire and caused damage to Blaney's property.

14. As a result and in accordance with the terms and conditions of Blaney's homeowner's insurance policy, claims were made against Commerce for property damage.

15. Commerce was damaged when it paid the sum of $130,612.93 in satisfaction of its obligation to and/or on behalf of its insured, Blaney.

16. Commerce states the fire and its damages were proximately caused by the negligence and carelessness of the defendant, Glentronics.

**WHEREFORE**, the plaintiff seeks judgment against the defendant Glentronics and such other and further relief that this Honorable Court deems fair and just.

### Count Two – Negligence vs. Glentronics, Inc.

17. Commerce hereby re-alleges each and every allegation contained within paragraphs 1 through 16 as if specifically set forth herein.

18. Prior to 2019, Glentronics owed a duty of care to Blaney to manufacture a product free of defects.

19. Glentronics breached that duty of care when it manufactured a defective product.

20. The defective product was purchased by Blaney.

21. On October 17, 2019, as a result of the Glentronics's negligence, the product caught fire and damaged Blaney's property.

22. As a result and in accordance with the terms and conditions of Blaney's homeowner's insurance policy, claims were made against Commerce for property damage.

23. Commerce was damaged when it paid the sum of $130,612.93 in satisfaction of its obligation to and/or on behalf of its insured, Blaney.

24. Commerce states the fire and its damages were proximately caused by the negligence and carelessness of the defendant, Glentronics.

**WHEREFORE**, the plaintiff seeks judgment against the defendant Glentronics and such other and further relief that this Honorable Court deems fair and just.

### Count Three: Breach of Express Contract vs. Glentronics, Inc.

25. Commerce hereby re-alleges each and every allegation contained within paragraphs 1 through 24 as if specifically set forth herein.

26. On October 17, 2019, Glentronics breached its express contract with Blaney against the faulty manufacture of the product, resulting in damage to the product and Blaney's property.

27. As a result and in accordance with the terms and conditions of Blaney's homeowner's insurance policy, claims were made against Commerce for property damage.

28. Commerce was damaged when it paid the sum of $130,612.93 in satisfaction of its obligation to and/or on behalf of its insured, Blaney.

29. Commerce states the fire and its damages were proximately caused by the defendant, Glentronics's breach of express contract.

**WHEREFORE**, the plaintiff seeks judgment against the defendant Glentronics and such other and further relief that this Honorable Court deems fair and just.

### Count Four: Breach of Implied Contract vs. Glentronics, Inc.

30. The plaintiff hereby realleges each and every allegation contained within paragraphs 1 through 29 as if specifically set forth herein.

31. On October 17, 2019, Glentronics breached its implied contract with Blaney against the faulty manufacture of the product, resulting in a fire and damage to Blaney's property.

32. As a result and in accordance with the terms and conditions of Blaney's homeowner's insurance policy, claims were made against Commerce for property damage.

33. Commerce was damaged when it paid the sum of $130,612.93 in satisfaction of its obligation to and/or on behalf of its insured, Blaney.

34. Commerce states the fire and its damages were proximately caused by the defendant, Glentronics's breach of implied contract.

**WHEREFORE**, the plaintiff seeks judgment against the defendant Glentronics and such other and further relief that this Honorable Court deems fair and just.

### Count Five: Breach of Expressed Warranty vs. Glentronics, Inc.

35. The plaintiff hereby realleges each and every allegation contained within paragraphs 1 through 34 as if specifically set forth herein.

36. On October 17, 2019, the defendant Glentronics breached its express warranty against improper manufacture of the product, and the product was unfit for its intended use, resulting in a fire and damage to Blaney's property.

37. As a result and in accordance with the terms and conditions of Blaney's homeowner's insurance policy, claims were made against Commerce for property damage.

38. Commerce was damaged when it paid the sum of $130,612.93 in satisfaction of its obligation to and/or on behalf of its insured, Blaney.

39. Commerce states the fire and its damages were proximately caused by the defendant, Glentronics's breach of express warranty.

**WHEREFORE**, the plaintiff seeks judgment against the defendant Glentronics and such other and further relief that this Honorable Court deems fair and just.

### Count Six: Breach of Implied Warranty vs. Glentronics, Inc.

40. The plaintiff hereby realleges each and every allegation contained within paragraphs 1 through 39 as if specifically set forth herein.

41. On October 17, 2019, the defendant Glentronics breached its implied warranty against improper manufacture of the product, and the product was unfit for its intended use, resulting in a fire and damage to Blaney's property.

42. As a result and in accordance with the terms and conditions of Blaney's homeowner's insurance policy, claims were made against Commerce for property damage.

43. Commerce was damaged when it paid the sum of $130,612.93 in satisfaction of its obligation to and/or on behalf of its insured, Blaney.

44. Commerce states the fire and its damages were proximately caused by the defendant, Glentronics's breach of implied warranty.

**WHEREFORE**, the plaintiff seeks judgment against the defendant Glentronics and such other and further relief that this Honorable Court deems fair and just.

## REQUEST FOR JURY TRIAL

The plaintiff, Commerce, respectfully requests a jury trial on all issues pleaded or to be pleaded.

Respectfully submitted,
Commerce Insurance Company,
By its attorneys,

Diana D. O'Hara
BBO# 642384
do@nesubro.com
Laura A. Demerle
BBO# 645690
ld@nesubro.com
**Parenteau & O'Hara, P.C.**
1661 Worcester Road, Suite 204
Framingham, MA  01701
(508) 232-6267

Dated: 6/13/22

| | | TRIAL COURT OF MASSACHUSETTS | |
|---|---|---|---|
| **CIVIL TRACKING ORDER** (STANDING ORDER 1- 88) | DOCKET NUMBER 2284CV01357 | **Trial Court of Massachusetts** **The Superior Court** | |
| CASE NAME: Commerce Insurance Company vs. Glentronics Inc | | Michael Joseph Donovan, Clerk of Court | |
| TO: Diana Delaney O'Hara, Esq. Parenteau and O'Hara, P.C. 1661 Worcester Rd Suite 204 Framingham, MA 01701 | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 | |

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                              **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/14/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 10/14/2022 | |
| All motions under MRCP 12, 19, and 20 | 10/14/2022 | 11/14/2022 | 12/13/2022 |
| All motions under MRCP 15 | 08/10/2023 | 09/11/2023 | 09/11/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 06/05/2024 | | |
| All motions under MRCP 56 | 07/05/2024 | 08/05/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/02/2024 |
| Case shall be resolved and judgment shall issue by | | | 06/16/2025 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.**

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 06/16/2022 | Paul Kenneally | (617)788-8172 |

Date/Time Printed: 06-16-2022 14:44:12                                                                           SCV026\ 08/2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts
The Superior Court |
|---|---|---|
| PLAINTIFF(S): Commerce Insurance Company a/s/o Michael Blaney
ADDRESS: 11 Gore Road
Webster, MA 01570 | | COUNTY Suffolk
DEFENDANT(S): Glentronics, Inc. |
| ATTORNEY: Diana D. O'Hara
ADDRESS: Parenteau & O'Hara, P.C.
1661 Worcester Road, Suite 204
Framingham, MA 01701   (508) 232-6267
BBO: 642384 | | ADDRESS: 645 Heathrow Drive
Lincolnshire, IL 60069 |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Products Liability | A | [X] YES   [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ............................................................................................................... $
 2. Total doctor expenses ................................................................................................................. $
 3. Total chiropractic expenses ........................................................................................................ $
 4. Total physical therapy expenses ................................................................................................. $
 5. Total other expenses (describe below) ....................................................................................... $
  Subtotal (A): $

B. Documented lost wages and compensation to date ...................................................................... $
C. Documented property damages to dated ....................................................................................... $ 130,612.93
D. Reasonably anticipated future medical and hospital expenses .................................................... $
E. Reasonably anticipated lost wages ................................................................................................ $
F. Other documented items of damages (describe below) ................................................................ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Subrogation action to recover monies paid to or on behalf of insured for injuries and damages caused by defendant's negligence.

TOTAL (A-F):$

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _Diana D. O'Hara (cac)_   Date: 6/13/22

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _Diana D. O'Hara (cac)_   Date: 6/13/22

| Summons | CIVIL DOCKET NO. 2284CV01357 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Commerce Insurance Company<br>a/s/o Michael A. Blaney<br>Plaintiff(s)<br>VS.<br>Glentronics, Inc<br>Defendant(s) | | Michael Joseph Donovan — Clerk of Courts<br>Suffolk — County<br>COURT NAME & ADDRESS:<br>SUPERIOR CIVIL COURT<br>SUFFOLK COUNTY COURTHOUSE<br>THREE PEMBERTON SQ. 12th Floor<br>BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO **Glentronics, Inc.** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Suffolk Superior** Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

  a) Filing your **signed original** response with the Clerk's Office for Civil Business, **Suffolk Superior** Court **Three Pemberton Sq 12th Fl Boston MA 02108** (address), by mail or in person **AND**

  b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
  **Diana D. O'Hara 1661 Worcester Rd Suite 204 Framingham MA 01701**

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.